UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. 19-cr-00347-TNM-1 |
| **ARNOLD JACKSON**, | |
| Defendant. | |

**MEMORANDUM ORDER**

Arnold Jackson is serving a 48-month sentence for unlawful possession with intent to distribute cocaine base. Judgment at 1–2, ECF No. 40.[1] He is currently incarcerated at the Central Virginia Regional Jail ("CVRJ") awaiting designation to a Bureau of Prisons facility. He moved for compassionate release to home confinement given the COVID-19 pandemic, which the Court denied. He now moves for reconsideration of that decision. As Jackson offers no basis for the Court to revise its initial reasoning and conclusion, the motion for reconsideration will be denied.[2]

**I.**

In September 2018, Metropolitan Police Department officers found Jackson in a vehicle with cocaine base, methamphetamine, heroin, and oxycodone. Statement of Offense in Supp. of

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

[2] The Government has not yet responded to Jackson's motion for reconsideration, but the Court need not wait for a response because the appropriate disposition is clear from Jackson's motion alone.

1

Guilty Plea at 2–3, ECF No. 29.[3]  Jackson eventually pleaded guilty to possession with intent to distribute cocaine base.  Plea Agreement at 1, ECF No. 28.  The Court sentenced him to 48 months in prison and 36 months of supervised release.  Judgment at 2–3.  Jackson has appealed this sentence, and his appeal is still pending.  *See United States v. Jackson*, 2020 WL 974385, *appeal docketed*, No. 20-3025 (D.C. Cir. Mar. 18, 2020).

Jackson also moved for compassionate release under 18 U.S.C § 3582(c)(1)(A).  *See* Mot. for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), ECF No. 46.  He argued that his medical conditions placed him at a high risk if he contracts COVID-19 and that the CVRJ would not prevent the virus's spread.  *Id.* at 2–5.  The Court denied the motion.  It found that Jackson's risk of contracting COVID-19 while at CVRJ did not present an "extraordinary and compelling" reason for reducing his sentence to time served, that he still posed a danger to the community, and that the sentencing factors under 18 U.S.C. § 3553(a) supported the 48-month prison term.  *See United States v. Jackson*, --- F. Supp. 3d ---, 2020 WL 3402391 (D.D.C. June 19, 2020).

Jackson has appealed this decision to the D.C. Circuit.  *See United States v. Jackson*, --- F. Supp. 3d ---, 2020 WL 3402391, *appeal docketed*, No. 20-3046 (D.C. Cir. June 24, 2020).  In parallel, he moves *pro se* for the Court to reconsider its decision denying his motion for compassionate release.  Def.'s Mot. for Recons. ("Def.'s Mot."), ECF No. 56.

---

[3] At the time of this offense, Jackson was on supervised release from a 2003 conviction in the Western District of Virginia for conspiracy to distribute and possession with intent to distribute cocaine base.  *United States v. Jackson*, No. 5:02-cr-30020 (W.D. Va. Mar. 15, 2002).  Chief Judge Urbanski sentenced Jackson to 12 months imprisonment for violating his supervised release.  *See* Judgment, *United States v. Jackson*, No. 5:02-cr-30020 (W.D. Va. Mar. 12, 2020), ECF. No. 1511.  Although Chief Judge Urbanski eventually ordered Jackson to home confinement for the rest of his sentence, he made clear that his decision could not affect the 48-month sentence imposed by this Court.  Mem. Op. at 1 n.1, *United States v. Jackson*, No. 5:02-cr-30020, 2020 WL 2735724 (W.D. Va. May 26, 2020), ECF No. 1528

## II.

A court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Under the Sentencing Commission's applicable policy statement, a court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . (1)(A) extraordinary and compelling reasons warrant the reduction . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement."  USSG § 1B1.13.

Jackson bears the burden to show that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Demirtas*, No. 11-356, 2020 WL 3489475, at *1 (D.D.C. June 25, 2020).

Motions for reconsideration are "ordinary elements of federal practice" that "permit district judges to correct their oversights and errors."  *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75 (1964)).  "A court may deny a motion for reconsideration when it raises arguments for reconsideration the court has already rejected on the merits."  *United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013) (cleaned up); *cf. Exxon Shipping Co. v. Baker*, 554 U.S 471, 485 n.5 (2008) (noting that Federal Rule of Civil Procedure 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (cleaned up)).

Some courts have granted these motions "as justice requires." *Hemingway*, 903 F. Supp. 2d at 12 (cleaned up). Under this standard, relief may be warranted "where a court patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data, or where a controlling or significant change in law has occurred." *Id.* at 12–13 (cleaned up); *cf. Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (noting that a motion under Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (cleaned up)).[4]

### III.

Jackson raises no new arguments that justify reversing the denial of his motion for compassionate release. And his recycled arguments remain unpersuasive.

*First*, Jackson disagrees with the Court's finding that he presents a danger to the community. Def.'s Mot. at 3; *see Jackson*, 2020 WL 3402391, at *7. But he does not argue that he is rehabilitated or ready to leave his criminal ways behind. Instead, he claims that he cannot threaten the community if the Court orders home confinement with electronic monitoring. Def.'s Mot. at 3. Not so.

As the Court has recognized, "narcotics can be sold from one's home at any hour." *United States v. Holroyd*, No. 17-cr-00234-2, 2020 WL 2735664, at *6 (D.D.C. May 26, 2020) (cleaned up). Electronic monitoring will not detect who visits Jackson's home. Nor will it track

---

[4] Before denying Jackson's motion for compassionate release, the Court found that it had jurisdiction to consider the motion despite his two pending appeals. *See Jackson*, 2020 WL 340239, at *4. The same reasons allow the Court to resolve Jackson's motion for reconsideration here. *See* Fed. R. Crim. P. 37(a); *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984).

Jackson's communications from his home.  Jackson thus could still reprise his role distributing drugs in the community even with electronic monitoring.

The Court remains convinced that Jackson's criminal history favors detention.  *See Jackson*, 2020 WL 3402391, at *7.  At the time of this offense, Jackson was on supervised release from a conviction in the Western District of Virginia as the primary supplier for a drug trafficking conspiracy involving over 30 kilograms of crack cocaine.  *See* Final Presentence Investigation Report at 9, ECF No. 33.  More than 15 years after that conviction, Jackson again pleaded guilty to possession with intent to distribute cocaine base in this Court.  Judgment 1–2.  He has shown no willingness to leave his criminal behavior behind.  And although he may not have been violent, a "drug dealer need not himself be violent to fuel violence in the community." *Holroyd*, 2020 WL 2735664, at *6.

Violence, addiction, and death are byproducts of the drug trade.  Jackson has not shown that he intends to change his ways.  Since the Court continues to find that Jackson poses a danger to the community, his request for compassionate release cannot succeed.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13(2).

*Second*, Jackson re-raises the argument that he has several medical conditions that make him more vulnerable to COVID-19 and that the conditions at CVRJ put him at "grave risk" of contracting the virus.  Def.'s Mot. at 2, 4.  Jackson, however, submits no evidence that he is more likely to contract the virus at CVRJ.  He offers only speculative claims that CVRJ's protective measures are inadequate and the staff are likely spreading the virus.  *Id.* at 2.  This speculation is not enough.  With no proof that CVRJ is unsafe, Jackson again fails to support his request for compassionate release.

*Finally*, Jackson offers no reason to disturb the Court's finding that the 48-month sentence is appropriate and "not greater than necessary" to comply with the purposes of sentencing based on the factors in 18 U.S.C. § 3553(a). *Jackson*, 2020 WL 3402391 at *8. The nature and circumstances of the crime combined with Jackson's criminal history strongly favor continued detention. *Id.*

In seeking reconsideration, Jackson raises only arguments that this Court has already rejected. So denying his motion for reconsideration is appropriate here.

### IV.

For all these reasons, it is hereby **ORDERED** that Defendant's Motion for Reconsideration is DENIED.

**SO ORDERED.**

Dated: November 3, 2020                                         TREVOR N. McFADDEN, U.S.D.J.