UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**ARNOLD JACKSON**,<br><br>Defendant. | Case No. 1:19-cr-00347 (TNM) |

## MEMORANDUM ORDER

The Court sentenced Arnold Jackson to 48 months' imprisonment following his guilty plea for unlawful possession with intent to distribute cocaine. Judgment at 1–2, ECF No. 40; *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A).[1] Jackson currently resides at the Federal Correctional Complex in Allenwood, Pennsylvania ("FCC Allenwood").

The Court has twice rejected Jackson's motion for compassionate release. He now files another motion *pro se*, requesting release to home confinement based on his high risk for contracting COVID-19 at FCC Allenwood. But the Court has already considered and rejected most of the arguments Jackson raises again here. Having reviewed Jackson's filings, the relevant law, and the entire record of the case, the Court will deny his renewed motion.

### I.

The Court need only briefly summarize the relevant facts, which it recounted in detail in earlier decisions. *See United States v. Jackson*, 468 F. Supp. 3d 59 (D.D.C. 2020) ("*Jackson I*"); *United States v. Jackson*, No. 19-cr-00347-TNM-1, 2020 WL 6445867 (D.D.C. Nov. 3, 2020) ("*Jackson II*"). Jackson pleaded guilty to possession with intent to distribute cocaine base.

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

Statement of Offense in Supp. Guilty Plea at 2–3, ECF No. 29; Plea Agreement at 1, ECF No. 28. The Court sentenced Jackson to 48 months in prison and 36 months of supervised release. Judgment at 2–3. Jackson's appeal of this sentence remains pending. *See United States v. Jackson*, 2020 WL 974385, appeal docketed, No. 20-3025 (D.C. Cir. Mar. 25, 2020).

Jackson then moved for compassionate release, arguing he was at high risk of serious illness if he contracted COVID-19 and that the Central Virginia Regional Jail ("CVRJ") would not prevent the virus's spread. *See* Def.'s Mot. for Compassionate Release at 2–5, ECF No. 46. The Court denied the motion. It found that Jackson's potential risk of contracting COVID-19 at the CVRJ did not present an "extraordinary and compelling" reason to reduce his sentence, that he still posed a danger to the community, and that the 18 U.S.C. § 3553(a) sentencing factors supported the 48-month prison term. *Jackson I*, 468 F. Supp. 3d at 66–70.[2]

Jackson moved *pro se* for reconsideration of this decision. *See* Def.'s Mot. for Recons., ECF No. 56. The Court denied this motion because Jackson raised no new arguments to justify reversing the denial of compassionate release. *See Jackson II*, 2020 WL 6445867, at *2.

## II.

The standard for compassionate release is well established. *See Jackson I*, 464 F. Supp. 3d at 62; *Jackson II*, 2020 WL 6445867, at *2. A court may reduce a term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, . . . it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the Sentencing

---

[2] Jackson appealed this decision, which remains pending. *See United States v. Jackson*, 468 F. Supp. 3d 59 (D.D.C. 2020), *appeal docketed*, No. 20-3046 (D.C. Cir. June 30, 2020).

2

Commission's applicable policy statement, a court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . (1)(A) extraordinary and compelling reasons warrant the reduction . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." USSG § 1B1.13.

Jackson must establish that he is eligible for a sentence reduction. *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (recognizing that the defendant has the burden of establishing his eligibility for sentence reduction under 18 U.S.C. § 3582(c)(2)).

**III.**

Jackson asserts that "he is not a threat to the community." Mot. for Compassionate Release ("Mot.") at 2, ECF No. 59. He also argues that he should be released because his health conditions put him at increased risk of serious illness if he contracts COVID-19. He has since been transferred from the CVRJ to FCC Allenwood, where he claims there is a COVID-19 outbreak. *Id.* Jackson also claims that FCC Allenwood is not sanitizing the showers, other surface areas, or cleaning materials after use, and that the staff does not "always wear[] gloves [or] masks at all times." *Id.* And he contends that FCC Allenwood is mixing inmates who tested positive for COVID-19 into the general population. *Id.*

Most of Jackson's arguments rehash claims the Court has already rejected. He fails (again) to undermine the Court's prior determinations that he poses a danger to the community. He still "does not argue that he is rehabilitated or ready to leave his criminal ways behind." *Jackson II*, 2020 WL 6445867, at *2. His recycled argument—offering home confinement and electronic monitoring as an alternative to his imprisonment, Mot. at 2—continues to fall short

because "narcotics can be sold from one's home at any hour." *Jackson II*, 2020 WL 6445867, at *2 (cleaned up). And Jackson's criminal history still favors detention because he committed the present offense while on supervised release from another drug trafficking conspiracy. *Id.* at *3. The Court remains convinced that Jackson is a danger to the community.

"The Court does not take lightly the COVID-19 global and national health emergency." *Jackson I*, 464 F. Supp. 3d at 66. "[L]ike other judges in this District and across the country, the Court takes notice of the real and serious threat that the COVID-19 pandemic poses." *United States v. Holroyd*, 464 F. Supp. 3d 14, 18 (D.D.C. 2020). Unlike his prior motions for compassionate release, Jackson now directs his challenges at FCC Allenwood, his new residence. But the same evidentiary shortcomings doom his claim here. There is no evidence that the risk of COVID-19 infection at FCC Allenwood presents an "extraordinary and compelling" reason to reduce his sentence.

Currently, there are only two staff members and two inmates with COVID-19 at FCC Allenwood. *COVID-19*, Federal Bureau of Prisons (Apr. 7, 2021), https://www.bop.gov/coronavirus/. And FCC Allenwood has had only one COVID-related death out of 2,555 inmates.[3] *Id.* More, 975 inmates and 388 staff members at FCC Allenwood have received both doses of the COVID-19 vaccine. *Id.* These statistics undermine Jackson's claims that FCC Allenwood is failing to adequately protect him and other inmates against the virus.[4]

Indeed, Jackson is still at risk—and may be subject to *greater* risk—of contracting COVID-19 "whether he is in prison or not." *Jackson I*, 468 F. Supp. 3d at 67. The District of

---

[3] The current inmate population at FCC Allenwood is publicly available at https://www.bop.gov/locations/list.jsp.

[4] Jackson also notes that he received three COVID-19 tests, and he tested negative each time. *See* Mot. at 1.

Columbia and Maryland have had 45,112 and 419,055 positive COVID-19 cases, respectively. *COVID Data Tracker*, Centers for Disease Control and Prevention (Apr. 7, 2021), https://covid.cdc.gov/covid-data-tracker/#cases_totalcases. It is thus far from clear that either jurisdiction provides a safer environment and greater access to the vaccine than FCC Allenwood.

In sum, Jackson has—for the third time—failed to show that he is entitled to a sentence reduction.

**IV.**

For these reasons, it is hereby **ORDERED** that Defendant's Motion for Compassionate Release is DENIED.

Dated: April 7, 2021                                              TREVOR N. McFADDEN, U.S.D.J.